IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Marlos Stevenson, | ) |
|         Plaintiff, | ) C.A. No. 8:10-1803-HMH-BHH |
| vs. | ) **OPINION & ORDER** |
| James Metts; Trinity Food Service, | ) |
|         Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Marlos Stevenson ("Stevenson"), a state detainee proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging violations to his civil rights. In her Report and Recommendation, Magistrate Judge Hendricks recommends dismissing the complaint without prejudice and without issuance and service of process. (Report and Recommendation 4.)

Stevenson filed objections to the Report and Recommendation. Construing his objections liberally, Stevenson objects to the magistrate judge's conclusion that he has failed to state a claim for relief pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement arising from food service at the LCDC. (Objections 1.) In his objections,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Stevenson describes how he was served spoiled food and became very ill on April 27, 2010. (Id.) Stevenson identifies James Metts as "the person in charge" of the Lexington County Detention Center ("LCDC") and Trinity Food Service as the "people in charge" of serving food at LCDC. (Id.) Under Farmer v. Brennan, 511 U.S. 825, 837 (1994),

> [a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Considering Stevenson's objections as amendments to his complaint, the court finds that he has sufficiently stated a claim for relief under 42 U.S.C. § 1983. Accepting Stevenson's allegations as true and liberally construing those allegations, the court finds that he has alleged that the Defendants were aware of and disregarded a known risk to his health and safety. Based on the foregoing, the court declines to adopt Magistrate Judge Hendricks' Report and Recommendation. The court remands this matter to the magistrate judge for further proceedings.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 16, 2010