IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marlos Stevenson, | ) | Civil Action No.: 8:10-1803-HMH-BHH |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| James Metts, Trinity Food Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On October 18, 2010, Defendant James Metts filed a motion for summary judgment. By order of this court filed October 19, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.

Then on October 20, 2010, Defendant Trinity Food Services filed a motion to dismiss, or in the alternative for summary judgment. By order of this court filed October 21, 2010, pursuant to *Roseboro*, the plaintiff was again advised of the summary dismissal/judgment procedure and the possible consequences if he failed to respond adequately. On November 23, 2010, an Order granting plaintiff's motion for extension of time was issued, giving the plaintiff through December 14, 2010, to file his response. Despite the *Roseboro* explanations, and the extension that was granted, the plaintiff did not respond to either motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on December 21, 2010, giving the plaintiff through January 13, 2011, to file his response to both motions. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                              s/Bruce H. Hendricks
                                              United States Magistrate Judge

January 19, 2011

Greenville, South Carolina